UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CLARISSE MARIE HAVENS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. V-06-119 |
| v. | § | |
| | § | |
| **VICTORIA OF TEXAS LIMITED PARTNERSHIP, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendants' Motion to Dismiss (Dkt. No. 3); Plaintiff's Unopposed Motion to Enlarge Time to Respond to Defendants' Motion to Dismiss (Dkt. No. 13); and Plaintiff's Motion for Leave to Amend (Dkt. No. 14). Having considered the motions, the responses thereto, the entire record, and the applicable law, the Court is of the opinion that (1) Defendants' Motion to Dismiss (Dkt. No. 3) should be granted in part and denied in part; (2) Plaintiff's Motion to Enlarge Time to Respond to Defendants' Motion to Dismiss (Dkt. No. 13) should be granted; and (3) Plaintiff's Motion for Leave to Amend (Dkt. No. 14) should be denied.

### I. Introduction & Background

Plaintiff is a former employee of Defendant Victoria of Texas, Limited Partnership, which operates various healthcare facilities in and/or around Victoria, Texas, that belong to what is commonly known as the DeTar Healthcare System. The other defendant, DeTar Hospital, Limited Liability Corporation, is apparently the general partner of Victoria of Texas, Limited Partnership. The Court will refer throughout this Order to both defendants collectively as "DeTar." On December 1, 2006, Plaintiff filed a civil action against DeTar asserting numerous causes of action generally arising out of her alleged wrongful termination on or about July 31, 2005. Plaintiff

generally claims that DeTar fired her illegally based on her age ("over forty") and disability (depression).  Specifically, Plaintiff asserted causes of action based on alleged violations of nine federal and state statutes, as well as what appear to be various common law claims including, but not limited to, breach of Plaintiff's employment contract, intentional infliction of emotional distress, and defamation.  Among the alleged statutory violations are causes of actions based on (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and (2) 42 U.S.C. § 1981.

DeTar argues that Plaintiff's claims under Title VII and § 1981 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because neither statute covers age or disability discrimination.  DeTar also argues that Plaintiff's common law breach of employment contract claim should be dismissed because Plaintiff admitted in her complaint that she was an at-will employee.  Plaintiff essentially agrees that the Title VII and § 1981 should be dismissed, but alleges that DeTar's employee handbook altered her at-will employment such that DeTar is now potentially liable to her in contract.  The Court agrees with the parties that the Title VII and § 1981 claims should be dismissed, but finds that dismissal of the breach of employment contract claim is inappropriate under Rule 12(b)(6).

## II. Standard of Review

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991).  The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)

(citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.*

### III. Discussion

**(a) Plaintiff's Title VII and § 1981 claims:**

Plaintiff claims that her termination violated Title VII and § 1981 because she was fired on the basis of her age and disability. Dkt. No. 1 ¶ 7(a). However, neither Title VII nor § 1981 covers discrimination based on age or disability. Title VII is directed "only at specific impermissible bases of discrimination," including race, color, religion, sex, or national origin. *Garcia v. Gloor*, 618 F.2d

264, 269 (5th Cir. 1980).  Similarly, § 1981 only prohibits race-based discrimination.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 n.4 (5th Cir. 2004).  Age- and disability-discrimination are illegal under other federal statutes, both of which are also among Plaintiff's statutory causes of action: the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, respectively.  Because Plaintiff does not allege that she was discriminated against on the basis of her race, color, religion, sex, or national origin, the Court finds that DeTar's motion to dismiss should be **GRANTED** and Plaintiff's claims under Title VII and § 1981 should be, and hereby are, **DISMISSED** pursuant to Rule 12(b)(6).

Plaintiff seems to acknowledge the apparent pleading mistake with respect to these two statutes by noting in her response that her complaint was "inartfully drafted" insofar as it "cit[ed] to the wrong statutes."  Dkt. No. 14 ¶ 1.  Nonetheless, Plaintiff requests that she be granted leave to amend "to correct pleading mistakes and errors."  *Id.* at 7.  Such an amendment, however, is not necessary given that the Court is dismissing Plaintiff's Title VII and § 1981 claims under Rule 12(b)(6).  In other words, the Court's dismissal of those claims essentially vitiates any need to amend for the purpose of excising those claims from the Complaint.  Accordingly, the Court is of the opinion that Plaintiff's motion for leave to amend should be, and hereby is, **DENIED**.

**(b) Plaintiff's claim for breach of employment contract:**

In its first ground for dismissal under Rule 12(b)(6), DeTar argues that Plaintiff's claim for breach of employment contract should be dismissed because Plaintiff concedes in her Complaint that she was at one time an at-will employee subject to discharge "without cause at anytime [sic]." Dkt. No. 1 ¶ 84. DeTar's theory, therefore, is that Plaintiff should be precluded from maintaining a claim for breach of an alleged employment contract because she essentially disavowed having an employment contract by admitting to having been an at-will employee. DeTar's position, however,

4

misconstrues the allegations set forth in Plaintiff's Complaint that the Court is bound under Rule 12(b)(6) to view in a light most favorable to Plaintiff.

While it is true that Plaintiff admits to having been an at-will employee, she merely notes that such was the understanding between DeTar and Plaintiff "at the time they entered into the employment relationship." Dkt. No. 1 ¶ 84. However, Plaintiff goes on to claim that DeTar later altered the at-will nature of her employment through allegedly disseminated employment policies providing as follows: (1) "if and when an employee is to be discharged for cause that the cause must be good, legitimate, real and true;" (2) "if an employee is to be discharged for cause that the employee is to be given notice of the stated reasons for the discharge;" and (3) "if an employee is to be discharged for cause that the employee being subjected to such discharge for cause have an opportunity to contest the discharge and the reasons stated therefore, as well as, be granted an opportunity to be heard." Dkt. No. 1 ¶¶ 85–87.

Under Texas law, an employer may convert an at-will employment relationship to a contractual relationship if the employer unequivocally indicates a "definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Liberally construing the allegations in Plaintiff's complaint, the Court concludes that Plaintiff's admission that she had been an at-will employee prior to the point at which DeTar allegedly altered her employment status does not preclude her from recovering and that, therefore, dismissal on this ground under Rule 12(b)(6) is inappropriate.

In the alternative, DeTar argues in its second ground for dismissal that a disclaimer in DeTar's employee disciplinary procedures also precludes Plaintiff's recovery under Texas law. The disclaimer appears in the first paragraph of the disciplinary procedures, which were attached to

5

DeTar's motion to dismiss as an exhibit to the affidavit of human resources director Penny Benefiel. Dkt. No. 3-2 at 1.[1]  The disciplinary procedures are titled "Employee Conduct and Disciplinary System" for DeTar Healthcare System and is dated March 27, 2002.  Dkt. No. 3-2 at 3.  The disclaimer on which DeTar relies, provides as follows: "[n]othing in this policy or in any other policy alters the fact that all employees of the facility are employed for an indefinite duration or that their employment may be terminated without cause or notice, at the will of themselves or the facility."  Dkt. No. 3-2 at 3.  DeTar argues that this disclaimer is sufficiently similar to the one in *Werden v. Nueces County Hospital District*, 28 S.W.3d 649 (Tex. App.—Corpus Christi 2000, no pet.), so as to establish that the disclaimer precludes Plaintiff from claiming that he had an employment contract.  In *Werden*, the hospital's employee handbook contained, in relevant part, the following passage: "[t]he guidelines of this handbook do not constitute a contract of employment, nor any other binding agreement.  Your employment is 'at will.'" *Werden*, 28 S.W.3d at 651. Bearing in mind that the touchstone of finding an employment contract under Texas law is, in the words of the *Brown* court, the "definite intent to be bound," 965 S.W.2d at 502, the court in *Werden* concluded that the hospital's disclaimer language "clearly [did] not express an intent to vest

---

[1] The Court notes that in most cases, it is not permitted to consider documents or other evidence outside the complaint in ruling on a motion to dismiss under Rule 12(b)(6). *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).  However, the Fifth Circuit has recognized a "limited exception" to that rule when documents that are attached to a motion to dismiss "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).  As the *Collins* court noted, "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.  Plaintiff in this case makes repeated references to DeTar's "employment policies" in her Complaint. *See, e.g.,* Dkt. No. 1 ¶¶ 85–90.  Although it is clear to the Court that the disciplinary procedures attached to DeTar's motion do not include the specific provisions of DeTar's employment policies that Plaintiff alleges effectively altered the nature of her employment from an at-will to a contractual relationship, the Court concludes that Plaintiff's repeated references to DeTar's "employment policies" is sufficiently broad to make all of DeTar's employment policies, including the disciplinary procedures attached to DeTar's motion, "central to [her] claim" and within the ambit of the Fifth Circuit's exception in *Collins*.

contractual or property rights" in the accrued benefits sought by the plaintiffs. *Werden*, 28 S.W.3d at 651. If the disclaimer in *Werden* expressed anything, in other words, it was the "definite intent [not] to be bound."

It is certainly the case that the disclaimer in DeTar's disciplinary procedures, especially when read in light of the opinion in *Werden*, tends to support DeTar's theory that it did not alter Plaintiff's at-will employment such that she was vested with a contractual right to be dismissed only for cause. The disclaimer clearly states that it should not be construed to "alter[] the fact that all employees are employed for an indefinite duration or that their employment may be terminated without cause or notice ...." Dkt. No. 3-2 at 3. Moreover, it provides that the disclaimer is applicable "in this policy or in any other policy," which language would seem to incorporate the disclaimer into all of DeTar's other employment policies. *Id.* There is, however, a crucial difference between the procedural posture of the parties in *Werden* and the parties before the Court here; namely, that the defendant in *Werden* was seeking summary judgment, whereas DeTar is seeking dismissal under Rule 12(b)(6). And that difference, in the Court's opinion, is fatal to DeTar's motion.

Had this evidence of DeTar's disclaimer been submitted to the Court on a motion for summary judgment under Rule 56, Plaintiff would have had an opportunity to come forward with summary judgment evidence of her own. For instance, perhaps there is language in the provisions of DeTar's employment policies relied upon by Plaintiff that contradict the disclaimer language in the disciplinary procedures. Perhaps the disclaimer language was later rescinded by DeTar prior to Plaintiff's dismissal. As unlikely as those or any other possibilities seem, the standard for evaluating a motion to dismiss under Rule 12(b)(6) require the Court to assume at this early stage that Plaintiff will be able to support her allegations and deny the motion "unless it appears beyond all doubt that the plaintiff can prove no facts in support of [her] claim which entitle [her] to relief, *Conley v.*

7

*Gibson*, 355 U.S. 41, 45–46 (1957). And in so doing, the Court can only conclude, even in light of the disclaimer language, that Plaintiff could potentially recover under Texas law for breach of employment contract if she is able to establish the allegations in her Complaint that DeTar disseminated written employment policies that limited DeTar to discharging otherwise at-will employees "for cause." Accordingly, the Court is of the opinion that DeTar's motion to dismiss Plaintiff's claim for breach of employment contract should be, and hereby is, **DENIED**.

**(c) Plaintiff's motion to enlarge time:**

Finally, Plaintiff filed an unopposed motion (Dkt. No. 13) for an extension of time until January 24, 2007, to respond to DeTar's motion to dismiss. The motion is hereby **GRANTED** retroactively and Plaintiff's response to the motion to dismiss is deemed timely filed.

It is so **ORDERED**.

Signed this 2nd day of August, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE